UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MUNGUIA RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>OLDCASTLE APG WEST, INC., et al.,<br><br>Defendants. | Case No. 25-cv-06730-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Oldcastle APG West removed this state law employment action to federal court on the basis of diversity jurisdiction even though the complaint names a non-diverse defendant, Ruben Romero. Defendant contends Romero does not destroy diversity jurisdiction because he is a "sham defendant." Now pending before the Court is Plaintiff's motion to remand. (Dkt. No. 7.) After carefully considering the pleadings, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 23, 2025 hearing, and GRANTS the motion to remand. Defendant has not met its removal burden.

## DISCUSSION

"Under 28 U.S.C. § 1441, a defendant may generally remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the action been originally filed in that court." *Roth v. CHA Hollywood Med. Ctr., L.P*., 720 F.3d 1121, 1124 (9th Cir. 2013). A removing defendant bears the burden of establishing federal jurisdiction. *Canela v. Costco Wholesale Corp*., 971 F.3d 845, 849 (9th Cir. 2020). As courts of limited jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 548 (cleaned up).  Defendant has not established fraudulent joinder under either way.  There is no accusation of fraud in the pleading of jurisdictional facts.  And "[f]raudulent joinder is established the second way [only] if a defendant shows that an individual[ ] joined in the action cannot be liable on any theory."  (*Id.* (cleaned up); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (holding a defendant is a "sham" defendant whose citizenship can be ignored only when "it is abundantly obvious that [a plaintiff] could not possibly prevail.").  "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC*, 889 F.3d at 548. As a result, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id.* at 549.

Notwithstanding this well-established law, Defendant argues that "Plaintiff's allegations, as pleaded, are legally insufficient to support a harassment claim against Defendant Romero." (Dkt. No. 15 at 3.)  In other words, Defendant is expressly arguing the 12(b)(6) standard—not that defendant Romero cannot be liable on any theory.  Indeed, Defendant expressly acknowledges an individual such as Mr. Romero can be liable for harassment.  So, Defendant's "sufficiency of the allegations" argument does not meet Defendant's "heavy burden." *Id.* at 548.  Any "deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend," precluding this Court from finding defendant Romero is sham defendant. *Id.* at 550.

Same with Defendant's sufficiency of the allegations as to Defendant Romero being a managing agent.  (Dkt. No. 15 at 6.)   Further, under FEHA, an "employee of an entity subject to [FEHA] is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." Cal. Gov't Code § 12940(j)(3); *see also Gildersleeve v. City of Sacramento,* No. 2:22-CV-02145-JAM-AC, 2025 WL 2105714, at *4 (E.D. Cal. July 28, 2025) ("Unlike Title VII, FEHA recognizes individual liability

for coemployees or supervisors"). So, Defendant's management agent argument is irrelevant to the jurisdictional question. *See Carrick v. Peloton Interactive,* Inc., No. 24-CV-00212-PCP, 2024 WL 3378332, at *4 (N.D. Cal. July 10, 2024).

## CONCLUSION

Plaintiff's motion to remand is GRANTED. This lawsuit is remanded to Contra Costa Superior Court. While Defendant's removal was not objectively reasonable—and inexplicably failed to cite the governing Ninth Circuit precedent, even in its opposition (*Grancare*)—Plaintiff's motion to remand also did not cite *Grancare*. Further, the Court is remanding before Plaintiff filed a reply brief. So, the Court in its discretion declines to award fees and costs.

This Order disposes of Docket No. 7.

**IT IS SO ORDERED.**

Dated: September 23, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge